UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA M. BROWN,<br><br>             Plaintiff,<br><br>       v.<br><br>AMA/NYAG for GOODWILL, LLC,<br><br>             Defendants. | Case No. 2:24-cv-00470-APG-EJY<br><br>**REPORT AND RECOMMENDATION** |

**I.      Plaintiff's Incomplete *in forma paurperis* application**.

Pending before the Court are Plaintiff's two incomplete applications to proceed *in forma pauperis*. ECF Nos. 6 and 15. On more than several prior occasions the Court explained to Plaintiff that to proceed in federal court without paying the filing fee she must complete and file two forms that are part of the *in forma pauperis* application. ECF Nos. 3, 8, and 12. The instructions for completing an *in forma pauperis* application and necessary forms were sent to Plaintiff by the Clerk of Court on or about March 11, 2024. ECF No. 3. The Court again attached examples of the necessary forms to its April 16, 2024 Order. ECF No. 8. The Court explained to Plaintiff that the Florence McClure Women's Correctional Center should be able to provide Plaintiff with a printout of her trust fund account statement, an example of which was provided. Plaintiff has submitted her Financial Certificate form, but still has not submitted her trust fund account statement. *See* ECF No. 15. Plaintiff's *in forma pauperis* application remains incomplete.

Local Special Rule 1-2 states: "When submitting an application to proceed *in forma pauperis*, an incarcerated or institutionalized person **must** simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months before the date of submission of the application. If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period." (Emphasis added.) Despite Plaintiff's failure to file a complete *in forma paurperis* application, the Court screens Plaintiff's

Complaint because, as stated below, Plaintiff fails to state a claim and, as such, the Court recommends this matter be dismissed in its entirety without prejudice.

**II.     Screening the Complaint**.

For the reasons stated above, the Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  However, pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    The Court Lacks Jurisdiction Over Plaintiff's Complaint**.

Plaintiff asserts one cause of action—assault—against AMA/NYAG for Goodwill.  ECF No. 1-1.  Plaintiff does not provide an address for Defendant although all the events she described appear to have occurred in Clark County, Nevada.  *Id*.  Plaintiff titles her claim as "Assault"; describes running into a manager of the location at which the events occurred (a location from which Plaintiff had not been "86'd"); Plaintiff admits carrying a knife; and Plaintiff says people ran towards her, tackled her, and attempted to remove her by force from the property.  *Id*.  A few days later Plaintiff avers she was arrested for robbery.  *Id*.  Importantly, Plaintiff says none of the people who tackled her or attempted to remove her were law enforcement.  *Id*.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted).  Federal district courts "have original jurisdiction of all civil

2

actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff's allegations do not assert diversity jurisdiction. The face of the Complaint appears to support the conclusion that Plaintiff and Defendant are Nevada residents, which precludes diversity jurisdiction. Moreover, Plaintiff's assertions of fact are plainly stated against private citizens who allegedly assaulted her in the process of trying to remove her from the location at which the events described occurred. These allegations fail to assert a violation of federal law or the U.S. Constitution. Instead, these allegations appear to assert a civil assault claim, which is a state common law tort.

To state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see West v. Atkins,* 487 U.S. 42, 48 (1988). Here, Plaintiff fails to allege Defendant, identified as a private citizen, acted under color of state law depriving her of a right protected by either the U.S. Constitution or federal law. *See* 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Fred Meyer, Inc. v. Casey*, 67 F.3d 1412, 1413 (9th Cir. 1995). The facts alleged do not demonstrate a close nexus between the state and Defendant such that

Defendant's alleged private conduct would constitute state action. *Sutton v. Providence St. Jospeh Med. Ctr.*, 192 F.3d 826, 836 (9th Cir. 1999). And, there is simply nothing alleged that would allow Defendant's actions—actions Plaintiff states were those of private citizens—to be "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In sum, Plaintiff alleges a common law assault by a non-state actor. Thus, Plaintiff fails to establish federal question (also called original) jurisdiction.

### IV.    Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 6 and 15) be DENIED as incomplete.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DENIED without prejudice so that Plaintiff may, if she so chooses, file her complaint alleging common law assault in the Eighth Judicial District Court.

Dated this 28th day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).